UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GARY KETTERER                                               PLAINTIFF

v.                                             CIVIL ACTION NO. 3:11-CV-2-H

UNITED STATES                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary Ketterer filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 3). **IT IS ORDERED** that the application to proceed without prepayment of fees is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed.

### I.

Plaintiff filed a handwritten complaint on his own paper against the United States. Plaintiff's complaint is not a model of clarity. He refers to a reward offered by Defendant on January 24, 1966, of $25 million, which Defendant has not paid to Plaintiff. He then writes:

> Angelina Merrick, Jesse James, military, Michael Nesmith, Peter York, Micky Dolenz, Desmond Llewelyn, Abram Bolden Drug Enforcement Agency, Helen Arru, Ted Knight, Edward Shereve Robert White Federal Bureau of Investigation Agent James Patrick Hasty Jr., I wrote a song Magic Carpet Ride after the thief of Baghdad David Jones told had told Robert Francis Kennedy that Saddam Hussein al-Awja-al Takrit AKA Abu Alie AKA Husayn Saddam AKA Hussan Saddam AKA Husseim Saddam AKA Saddam Hussein AKA Sand Nigger was going to take over Iraq and that he would genocide.

Further in his complaint, he writes that he had received information from Charles Manson "as a five year old" and that an FBI agent had wanted to "shove a bottle up my a[**] . . .

marry my sister make a prostitute out of her, make a prostitute out of my mother creepy crawl the house, feed drugs to the prettiest girls, use them for drawing cards, kill me, write 1,2,3,4,5,6,7 all good children go to heaven . . . ." The complaint goes on in this vein for several pages. He includes voluminous exhibits, including what appear to be personal and family photographs, birth certificates, a high school graduation program from 1969 and other personal memorabilia. He asks for a judgment against Defendant for $25,000,000, and costs of suit.

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against the United States. Even under the most liberal of constructions, the Court cannot discern any cognizable cause of action based on his allegations. Plaintiff fails to place Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 127 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*

4412.009